IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| $46,120 IN U.S. CURRENCY, | § | CASE NO. 3:22-CV-1658-E |
| DEFENDANT, | § | |
| | § | |
| v. | § | |
| | § | |
| JAMAII JONES, | § | |
| MOVANT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the district judge's *Order of Reference*, Doc. 9, this case has been referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition when appropriate. Now before the Court is *Defendants* [sic] *Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.C.P Rule 12(b)(1)and 12(c) and Motion for Return of Property Pursuant to Rule 41(g) Fed C.C.P*. Doc. 7. As detailed herein, the motion should be **DENIED**.

### I. BACKGROUND

In January 2022, the Rockwall County Sheriff's Office seized $46,120.00 in United States currency ("the Property") from Movant Jamaii Jones during a traffic stop. Doc. 1 at 2. The Drug Enforcement Administration (DEA) subsequently adopted the case and began administrative forfeiture proceedings. Doc. 1 at 2. Jones, through counsel, submitted an administrative claim of ownership ("Initial Claim") under 18 U.S.C. 983(a)(2), which the DEA

received on March 25, 2022.  Doc. 1 at 2.  As relevant here, the claim form instructed Jones to "explain why you have a valid, good faith, and legally recognizable interest in the asset."  Doc. 8 at 2; Doc. 8-1.  In response, Jones stated *in toto*, "[a]ll assets were lawfully earned or borrowed from individuals who lawfully earned."  Doc. 8-1.

In April 2022, the DEA informed Jones that his Initial Claim was defective since it "did not state [Jones'] interest in the property," and further advised that Jones had 28 days to cure this deficiency.  Doc. 1 at 2; Doc. 8-2 at 1-2.  Jones, while disputing the DEA's contention that his Initial Claim was defective, nevertheless resubmitted the claim with an affidavit ("Revised Claim").  Doc. 8-3.  The DEA received the Revised Claim on May 2, 2022.  Doc. 7 at 6.

On July 29, 2022, the Government brought this *in rem* civil forfeiture action against the Property under 18 U.S.C. § 981(a)(1)(C) (governing forfeitures related to a violation of the Travel Act—18 U.S.C. § 1952) and 21 U.S.C. § 881(a)(6) (governing forfeitures related to drug trafficking).  Doc. 1 at 8-10.  In response, Jones filed the instant motion seeking dismissal of this case under Federal Rules of Civil Procedure 12(b)(1)&(c), and the return of the Property under Federal Rule of Criminal Procedure 41(g).  Doc. 7 at 4.

In his motion to dismiss, Jones alleges the Government lacks "subject matter disposition [sic]" and standing because it failed to file a complaint within 90 days of receiving his Initial Claim.  Doc. 7 at 4-7.  The Government responds that because Jones' Initial Claim did not clearly articulate his interest in the seized property—as required by section 983(a)(2)(C)(ii)—the 90-day period for filing a complaint did not begin until it received his Revised Claim on May 2, 2022; therefore, the complaint filed on July 29, 2022—88 days after receipt of the Revised Claim—was timely.  Doc. 8 at 2-3.

2

## II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed when the court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

Also, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard for determining a motion to dismiss under Rule 12(c) is the same as that for a Rule 12(b)(6) motion. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002). A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Finally, Federal Criminal Procedure Rule 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. . . . in the district where the property was seized." FED. R. CRIM. P. 41(g). "Relief under Rule 41(g) . . . is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied." *Haberman v. United States*, 594 F. App'x 264 (5th Cir. 2015) (per curiam) (quoting *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011)).

## III. ANALYSIS

The procedure by which the federal government may effect a civil forfeiture of seized property is set out in 18 U.S.C. § 983. First, within 60 days of the seizure, the government must

3

send written notice of such to any interested parties. 18 U.S.C. § 983(a)(l)(A)(i). After receiving notice, an interested party may file a claim for return of the property. *Id.* § 983(a)(2)(A). The claim must "(i) identify the specific property being claimed; (ii) state the claimant's interest in such property; and (iii) be made under oath, subject to penalty of perjury." *Id.* § 983(a)(2)(C). Upon the filing of a claim, the government must file a complaint for forfeiture of the property within 90 days. *Id.* § 983(a)(3)(A). If the government fails to file a civil forfeiture complaint or otherwise obtain a criminal indictment and take alternative steps to maintain custody of the property, "the government shall promptly release the property." *Id.* § 983(a)(3)(B).

      Here, it is undisputed that the Government did not file its complaint within 90 days of its receipt of Jones' Initial Claim. Thus, there is only a single, salient issue: whether Jones' Initial Claim was sufficient to allege his ownership of the property, thereby starting the clock on the Government's deadline to file this action.

      In his Initial Claim, Jones wholly failed to allege that he is the rightful owner or has any legal interest in the Property, asserting only that "[a]ll assets were lawfully earned or borrowed from individuals who lawfully earned." Section 983(a) is explicit—a "claim shall . . . state the *claimant's* interest in such property." *Id.* § 983(a)(2)(C) (emphasis added). Jones' one-sentence statement in his Initial Claim clearly falls short of meeting this requisite. *Cf. United States v. Basking*, 853 F. App'x 783, 787-88 (3d Cir. 2021) (holding that claimant did not show interest in the seized property by stating that it belonged to his girlfriend), *and In re $20,000 in U.S. Currency*, 523 F. App'x 322, 323-24 (6th Cir. 2013) (per curiam) (finding insufficient a mere averment of possession of the seized property absent "some explanation or contextual information regarding the claimant's relationship to the property") (citation omitted).

4

Unlike his Initial Claim, Jones' Revised Claim includes a "supplemental" affidavit containing the explicit, unequivocal, sworn statement, "I am the owner of the $46,120.00 of U.S. Currency seized . . . ." This was the first time Jones' actually stated *his* interest in the Property, and, therefore, the first time that Jones filed a claim for the property that met the minimum requirements of § 983(a)(2)(C).  *Cf. United States v. Melquiades*, 394 F. App'x 578, 585 (11th Cir. 2010) (holding that movant who "clearly stated" that "in this case [he] is the owner of the property" had "alleged facts sufficient to show that he has a possessory interest in some property").

Consequently, because the Government's complaint was filed within 90 days of its receipt of Jones' Revised Claim, it was timely. Thus, Jones is entitled to no relief under Federal Civil Procedure Rules 12(b)(1) or 12(c). Further, because this *in rem* civil forfeiture action gives Jones an adequate remedy at law, he likewise is not entitled to relief under Federal Criminal Procedure Rule 41(g).

## IV. CONCLUSION

For the foregoing reasons, *Defendants* [sic] *Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.C.P Rule 12(b)(1)and 12(c) and Motion for Return of Property Pursuant to Rule 41(g) Fed C.C.P.*, Doc. 7, should be **DENIED**.

**SO RECOMMENDED** on July 25, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).